IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SIMON COLE, individually, and d/b/a DAWN OF GAMES, and KARL TUCKER, individually, and on behalf of KARL TUCKER PRODUCTIONS, INC., and BENJAMIN PAUL BISTLINE, individually, and on behalf of P & V CAPITOL RESOURCES, INC., and JUSTIN BOWMAN & JOHN BARROSO, individually, and d/b/a JSB INVESTMENTS, and JOHN MCCORMACK, individually and ALEXANDER LOZANO, individually and on behalf of AES TRADING, INC. <br><br>Plaintiff,<br><br>v.<br><br>GREGORY M. SCHNEIDER, AMANDA SCHNEIDER, BRIAN C. COOK, ROBERT SELFRIDGE, individually and d/b/a SHIPPING SOLUTIONS, INC., SHIPPING SOLUTIONS FULFILLMENT, INC., d/b/a RED FROG USA, d/b/a IDEA FACTORY COMPANY, d/b/a TZD.COM, d/b/a C4GAMESTORE.COM. d/b/a HOTGAMESTUFF.COM and BLUE SKY CAPITAL MANAGEMENT CORPORATION, d/b/a PLUGNPLAYFOREX.COM<br><br>Defendant(s). | Civil Action No._____ <br><br>**JURY TRIAL DEMANDED** |

**VERIFIED COMPLAINT**

COMES NOW, Plaintiffs in the above-captioned action, and files this Complaint against the Defendants and in support thereof shows the following:

**I. INTRODUCTION**

1. This is an action for temporary restraining order, preliminary and permanent injunction, and actual, compensatory, punitive and statutory damages arising out of an investment scam directed against Plaintiffs.

2. Plaintiffs bring this action to recover damages caused by Defendants scheme to defraud Plaintiffs of more than $800,000.

**II. ALLEGATIONS RELATED TO JURISDICTION AND VENUE**

3. Plaintiff Simon Cole is a citizen and resident of the State of California. He brings this action on an individual basis and on behalf of Dawn of Games, Inc., which is a California Corporation.

4. Plaintiff Karl Tucker is a citizen and resident of the State of Pennsylvania. He brings this action on an individual basis and on behalf of Karl Tucker Productions, Inc., which is a Texas Corporation.

5. Plaintiff Paul Bistline is a citizen and resident of the State of Utah. He brings this action on an individual basis and on behalf of P & V Capitol Resources, Inc., which is a Utah Corporation.

6. Plaintiff Justin Bowman is a citizen and resident of the State of California. He brings this action on an individual basis and jointly with Plaintiff John Barroso on behalf of JSB Investments, a general partnership.

7. Plaintiff John Barroso is a citizen and resident of the State of California. He brings this action on an individual basis and jointly with Plaintiff Justin Bowman on behalf of JSB Investments, a general partnership.

8. Plaintiff John McCormack is a citizen and resident of the State of Georgia. He brings this action on an individual basis.

9. Plaintiff Alexander Lozano is a citizen and resident of the State of California. He brings this action individually and on behalf of AES Trading, Inc., which is a California Corporation.

10. This lawsuit is not a collusive one to confer jurisdiction that it would otherwise lack.

11. Defendant Gregory M. Schneider is a citizen and resident of Wilson County, Tennessee.

12. Defendant Amanda Schneider is a citizen and resident of Wilson County, Tennessee.

13. Defendant Brian C. Cook is a citizen and resident of either Davidson County or Wilson County, Tennessee.

14. Defendant Robert Selfridge is a citizen and resident of either Davidson County or Wilson County, Tennessee.

15. Defendant Shipping Solutions, Inc., d/b/a Red Frog USA, d/b/a Idea Factory Company, d/b/a Tzd.com, d/b/a C4Gamestore.com, d/b/a Hotgamestuff.com, is a Delaware Corporation, NOT in good standing with the Delaware Secretary of State and upon information and belief is owned by Defendants Gregory Schneider; and/or Brian Cook and/or Amanda Schneider. Its principal place of business is 49 Business Park Drive, Lebanon, Tennessee, Wilson County, Tennessee, 37090.

16. Defendant Shipping Solutions Fulfillment, Inc., is a Nevada Corporation in good standing with the Nevada Secretary of State and upon information and belief is an alter ego corporation of Shipping Solutions, Inc., owned by Defendants Gregory Schneider; and/or Brian Cook and/or Amanda Schneider. Its principal place of business is 49 Business Park Drive, Lebanon, Tennessee, Wilson County, Tennessee, 37090.

17. Defendant Blue Sky Capital Management Corporation, Inc., d/b/a PlugNPlayForex.com, is a Delaware Corporation. Based upon information and belief it is an alter ego corporation of Shipping Solutions, Inc. and based on information and belief, assets of Shipping Solutions Inc., have been and will continue to be transferred fraudulently from Shipping Solutions Inc, and Shipping Solutions Fulfillment, Inc.; Blue Sky Capital Management Corporation is NOT in good standing with the Delaware Secretary of State and upon information and belief is owned by Defendants Gregory Schneider, and/or Brian Cook and/or Amanda Schneider. Its principal place of business is 100 Glenway Point, Lebanon, Tennessee 37087.

18. As reflected below, the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

19. A complete diversity of citizenship exists between the Plaintiff(s) and all Defendants.

20. Pursuant to 28 U.S.C. § 1332, this Court maintains subject matter jurisdiction over this case.

### III. ALLEGATIONS RELATED TO PLAINTIFF'S INVESTMENT IN SHIPPING SOLUTIONS, INC.

21. Paragraphs 1-18 are herby incorporated as if fully restated herein.

22. The Plaintiffs aver that they are each investors in Shipping Solutions, Inc., and/or Shipping Solutions Fulfillment, Inc., and its promoter(s), Gregory Schneider, Amanda Schneider, Brian Cook and Robert Selfridge (hereinafter, collectively, "Defendants"). Shipping Solutions, Inc. was promoted to the Plaintiffs as a retail video game business. Based on the false representations of Gregory Schneider, Amanda Schneider, Brian Cook and Robert Selfridge, the Plaintiffs aver that they entered into agreements to provide investment capital to Defendants in exchange for, inter alia, a guaranteed return on their investment, secured by a money-back guarantee; Defendants fraudulently induced Plaintiffs to invest an amount totaling $816,000; when, in fact, Defendants had no intention of operating a retail video game business in good faith.

23. The Plaintiffs aver that they wasted their time, energy, and money into investing in the Defendants business, based on the false representations that the corporation and Mr. Schneider guaranteed Plaintiffs an average monthly return on their investment of 5-8%. In fact, the Shipping Solutions "business" had no value; but rather, Plaintiffs investment money was used to enrich Defendants Gregory Schneider, Amanda Schneider, Brian Cook and Robert Selfridge. Just months after receiving the Plaintiffs investment money, Shipping Solutions, Inc. and its related doing-business-as entities, ceased all retail operations without explanation.

24. The Plaintiffs aver that, on divers days, beginning in 2007 and continuing to present, Gregory Schneider, Amanda Schneider, Brian Cook and Robert Selfridge made false representations as to the value, status, prospects and intentions of and for the business that they allegedly had created.

25. The Plaintiffs aver that they relied upon these representations, both orally and in writing, for months, not only to invest in the Defendants business but also in going forward with the business of Shipping Solutions, Inc..

26. The Plaintiffs aver that the Defendants representations were false when they were made and they were known to them to be false.

27. The Plaintiffs aver that they relied upon the false representations of Defendants in investing their money, time and other efforts in Shipping Solutions, Inc., and they have been damaged as a direct and proximate result.

28. The Plaintiffs aver that, upon information and belief, Defendants have taken money from the investment of the Plaintiffs in Shipping Solutions, Inc., based on false pretenses and fraudulent misrepresentations, and have enriched themselves to the detriment of all the investors of Shipping Solutions, Inc., and/or Shipping Solutions Fulfillment, Inc. The Defendants have continued their fraud by maintaining lies and concealing their fraud to this day. The Defendants have concealed their fraud using intricate schemes and lies, and this has prevented the Plaintiffs from discovering the fraud until recently.

29. The Plaintiffs aver that Defendants Amanda Schneider, Brian Cook and Robert Selfridge have worked in concert and have aided, abetted and conspired with one another to deprive Plaintiffs and other investors of their property based on Gregory Schneider's fraud.

30. The Plaintiffs aver that Shipping Solutions, Inc., Shipping Solutions Fulfillment, Inc., d/b/a Red Frog USA, The Idea Factory, TZD.com, C4Gamestore.com, Hotgamestuff.com, Blue Sky Capital Management Corporation, d/b/a Plugnplayforex.com are "alter egos" of Shipping Solutions Inc., and are "enterprises" within the meaning of 18 U.S.C. § 1961(4) and all of them engage in interstate commerce.

31. The Plaintiffs aver that they were the target of the fraudulent scheme described above in that the objective of the scheme was to enable the Defendants to obtain money though false pretenses without consideration.

32. The Plaintiffs aver that the Defendants actions constitute a continued enterprise and not isolated incidences. The Plaintiffs aver that the Defendants actions were ongoing and there is a real threat of these actions continuing in the future because numerous opportunities remain to conduct the Defendants scheme upon multiple victims, including all of the current and prospective investors in Shipping Solutions, Inc.

33. The Plaintiff's aver that the Defendants took measures to conceal the fraud through various means, including continuous lies on the part of Defendants Gregory Schneider and Brian Cook with respect to their bad faith business activities and concealment of Plaintiffs investment monies. The Plaintiffs aver that, due to the Defendants concealment, they were unable to discover the Defendant's fraudulent scheme until recently.

## IV. CAUSES OF ACTION

### COUNT ONE

### FRAUD AND DECEIT

34. The Plaintiff's rely upon the factual averments in Paragraphs 1-33 in support of the following cause of action.

35. The Plaintiffs aver that Defendants, Gregory Schneider and Brian Cook, in concert with the other Defendants, have misrepresented and participated in the defrauding of the Plaintiff investors by claiming, inter alia, the following:

(1) Shipping Solutions would use the investor's money to buy video game inventory at a discount, sell the inventory and provide the profit back to the investors, providing each Plaintiffs with guaranteed monthly return on investment checks.

(2) Shipping Solutions, Inc. generated guaranteed profits of 5% to 8% per month and that if requested, Plaintiffs could elect to cancel their investment and request and receive a full refund at any time.

(3) That Plaintiffs were required to invest their money quickly to take advantage of a purported offer of $25,000 in "inventory credit." In addition, Defendants represented that Plaintiffs needed to invest quickly because Shipping Solutions, Inc., would only be accepting a limited number of investors.

36. The Plaintiffs aver they relied upon these representations over the past year and, as a result, have sustained significant monetary damages.

## COUNT TWO

## BREACH OF FIDUCIARY DUTY

37. The Plaintiff's rely upon the factual averments in Paragraphs 1-36 in support of the following cause of action.

38. The Plaintiffs aver that the Defendants, Gregory Schneider and Brian Cook have violated their duty of loyalty and good faith to the company, Shipping Solutions, Inc. and Shipping Solutions Fulfillment, Inc., and to the Plaintiffs as investors of Shipping Solutions, Inc., and have caused them damages as a direct and proximate result. The Plaintiffs further aver that Defendant, Amanda Schneider, is liable for the acts of Defendant Gregory Schneider, because she had conspired with, aided, and abetted her husband.

39. The Plaintiffs aver that Defendants Gregory Schneider and Brian Cook are liable to them pursuant to Tennessee Code Annotated §§ 48-18-301, 302 and 403.

### COUNT THREE

### CONVERSION

40. The Plaintiff's rely upon the factual averments in Paragraphs 1-39 in support of the following cause of action.

41. The Plaintiffs aver that Defendants, Gregory Schneider, Brian Cook, Shipping Solutions, Inc., and Shipping Solutions Fulfillment, Inc., have converted the assets, money, labor and other things of value that were the property of the Plaintiffs to their own benefit, to the exclusion of the Plaintiffs, and have exercised dominion and control over these assets to the detriment of the Plaintiffs as well as Shipping Solutions, Inc.. The Plaintiffs have suffered damages as a direct and proximate result.

### COUNT FOUR

### VIOLATIONS OF TENNESSEE SECURITIES ACT OF 1980, TENNESSEE CODE ANNOTATED § 48-2-101, ET SEQ.

42. The Plaintiff's rely upon the factual averments in Paragraphs 1-41 in support of the following cause of action.

43. The Plaintiffs aver that the actions of Gregory Schneider and Brian Cook violate the Tennessee Securities Act of 1980, § 48-2-121, by offering and selling a security in Defendant, Shipping Solutions, Inc., and employing a device, scheme, and artifice to defraud the Plaintiffs of their security in Shipping Solutions, Inc., in violation of Tennessee Code Annotated § 48-2-

121(1); by making untrue statements of material fact with respect to Plaintiffs interests in the security of Shipping Solutions, Inc., in violation of Tennessee Code Annotated § 48-2-121(2); and by engaging in a practice or course of business which operates as a fraud and deceit upon the Plaintiffs' in violation of Tennessee Code Annotated § 48-2-121(3) by selling the Plaintiffs' unregistered securities in violation of the Tennessee Securities Act of 1980, §§ 48-2-104 and 109 and §§ 48-2-121 and 123.

## COUNT FIVE

## VIOLATIONS OF TENNESSEE CONSUMER PROTECTION ACT, TENNESSEE CODE ANNOTATED § 47-18-104, ET SEQ.

44. The Plaintiff's rely upon the factual averments in Paragraphs 1-43 in support of the following cause of action.

45. The Plaintiffs aver that the actions of the Defendants are deceptive and unfair trade practices which have a negative effect on commerce in violation of Tennessee Code Annotated § 47-18-104(a) and §§ 12, 20, and 27.

46. The Plaintiffs aver that Defendants actions in violation of Tennessee Code Annotated § 47-18-104(a) and §§ 12, 20, and 27 have been made intentionally, willfully, and knowingly within the meaning of Tennessee Code Annotated § 47-18-103(6).

## COUNT SIX

## ACTION FOR JUDICIAL DISSOLUTION PURSUANT TO TENNESSEE CODE ANNOTATED § 48-24-301, ET SEQ.

47. The Plaintiff's rely upon the factual averments in Paragraphs 1-46 in support of the following cause of action.

48. The Plaintiffs aver that the directors and those in control of the corporations, Shipping Solutions, Inc., and Shipping Solutions Fulfillment, Inc., and the alter ego Defendants have acted, are acting, and continue to act in a manner that is illegal, oppressive and fraudulent, therefore establishing grounds for judicial dissolution pursuant to Tennessee Code Annotated § 48-24-301(2)(B).

## COUNT SEVEN

## CIVIL CONSPIRACY

49. The Plaintiff's rely upon the factual averments in Paragraphs 1-48 in support of the following cause of action.

48. The Plaintiffs aver that all of the Defendants have engaged in various common schemes with Gregory Schneider with the primary purpose and/or inevitable result of causing injury to the Plaintiffs through an unlawful purpose or unlawful means.

## COUNT EIGHT

## UNJUST ENRICHMENT

49. The Plaintiff's rely upon the factual averments in Paragraphs 1-48 in support of the following cause of action.

50. The Plaintiffs aver that the Defendants: (a) have had a benefit conferred upon them by the Plaintiffs; (b) have appreciated such benefit; and (c) have accepted such benefit under

circumstances that it would be inequitable for the Defendant to retain the benefit without payment of the value thereof.

51. Specifically, but not exclusively, Gregory Schneider and Brian Cook have been unjustly enriched by directly receiving funds and other assets from the Plaintiffs of more than $816,000.

## COUNT NINE

### JOINT AND SEVERAL LIABILITY

52. The Plaintiff's rely upon the factual averments in Paragraphs 1-51 in support of the following cause of action.

53. The Plaintiffs aver that the Defendants are jointly and severally liable for all damages resulting from their actions of Mr. Schneider and/or and of the other Defendants to the extent that any of the Defendants (a) actively participated in the tortious acts, (b) intentionally aided the acts, and/or (c) ratified tortious acts done for their benefit.

## COUNT TEN

### PIERCING THE CORPORATE VEIL

54. The Plaintiff's rely upon the factual averments in Paragraphs 1-53 in support of the following cause of action.

55. The Plaintiffs aver that all of the corporate entity Defendants are shams that are being used for fraudulent purposes and as business conduits for their owners.

56. The Court should pierce the corporate veil and enter judgments against the individual owners of the corporate entities.

## COUNT ELEVEN

## PUNITIVE DAMAGES

57. The Plaintiffs rely upon the factual averments in Paragraphs 1-56 in support of the following cause of action.

58. The Plaintiffs aver that each of the Defendants has engaged in intentional and/or reckless conduct that has caused harm to Plaintiffs.

59. Each of the Defendants is liable for punitive damages in an amount not less than three times the compensatory damages attributable to each such Defendant.

## COUNT TWELVE

## FRAUDULENT CONVEYANCE OF ASSETS

60. The Plaintiffs rely upon the factual averments in Paragraphs 1-59 in support of the following cause of action.

61. Plaintiffs aver upon information knowledge and belief, that each of the assets of the aforementioned Shipping Solutions, Inc., and/or Shipping Solutions Fulfillment, Inc., were transferred to Gregory Schneider, Amanda Schneider, Brian Cook and/or Blue Sky Capital Management Corporation.

62. Each of the Defendants transferred the assets without receiving a reasonable equivalent consideration in exchange for the transfer, and as a result of the transfer, Shipping Solutions, Inc., and/or Shipping Solutions Fulfillment, Inc., became insolvent.

63. Pursuant to Tennessee Code Annotated § 66-3-308(a), Plaintiffs are entitled to judgment avoiding the transfer to the extent necessary to satisfy Plaintiffs claim; an attachment and other provisional remedies against the assets transferred or other property of the transferee in

accordance with the procedures prescribed by Title 26 of the Tennessee Code Annotated and; an injunction against further disposition by the Defendants or any transferees, or both, of any transferred assets or other property.

## COUNT THIRTEEN

### ALLEGATIONS RELATED TO ALTER EGO CORPORATIONS

64. The Plaintiffs rely upon the factual averments in Paragraphs 1-63 in support of the following cause of action.

65. The Plaintiffs aver, upon knowledge, information and belief, that each of the Defendants have co-mingled funds and have acted as an alter ego of Shipping Solutions, Inc.

66. The Plaintiffs aver, upon knowledge, information and belief that Defendants have each used and benefited from Plaintiffs assets and as alter egos to Shipping Solutions, Inc., each Defendant is liable.

## COUNT FOURTEEN

### PETITION FOR WRIT OF PRE-JUDGMENT ATTACHMENT

67. The Plaintiffs rely upon the factual averments in Paragraphs 1-66 in support of the following cause of action.

68. Plaintiffs aver, as reflected above, Gregory Schneider, Brian Cook, Shipping Solutions, Inc., Shipping Solutions Fulfillment, Inc., and alter ego companies (i) have or about to remove property out of the State of Tennessee; (ii) are absconding with or are concealing property; (iii) or are or about to fraudulently dispose of property owned by the Plaintiffs.

69. Pursuant to Tennessee Code Annotated § 29-6-101, Plaintiffs are entitled to a writ of pre-judgment attachment, attaching to all funds located in Bank Account No. 172038133 for Gregory Schneider, d/b/a Shipping Solutions, Inc. and/or Shipping Solutions Fulfillment, Inc., currently located in the First Tennessee Bank and/or all bank accounts unknown to Plaintiffs, associated with the Defendants and their alter ego companies.

**WHEREFORE, THE PLAINTIFFS PRAY FOR THE FOLLOWING RELIEF**:

1. That the Defendants be served with process and be required to answer within the time allowed by law;

2. That the Plaintiffs be awarded a judgment against the Defendants jointly and severally, for compensatory damages in an amount to be determined at trial in excess of $75,000;

3. That the Plaintiffs be awarded punitive damages against the Defendants in an amount to be determined by the Court for their intentional, willful, knowing, fraudulent, and dishonest violations of the law;

4. That the Plaintiffs be awarded their reasonable attorneys fees and costs.

5. That the Plaintiffs be awarded pre-judgment interest.

6. That a temporary, preliminary and permanent injunction be entered against the Defendants and their agents, restraining them from dissipating or wasting any assets obtained by them unlawfully, and requiring them to immediately produce all books, property and financial records of Shipping Solutions, Inc., Shipping Solutions Fulfillment Inc., and all alter ego companies;

7. That the Plaintiffs be awarded treble damages against the Defendants for the willful, intentional and knowing violations of Tennessee Code Annotated § 47-18-104(a) and §§ 12, 20, and 27;

8. That a receiver be appointed to marshal the assets of Shipping Solutions, Inc., and Shipping Solutions Fulfillment, Inc. and the other ill-gotten assets of the Defendants pursuant to Federal Rules of Civil Procedure Rule 66;

9. That a jury be impaneled to hear this action; and

10. That the plaintiffs be awarded such other, further relief to which they may be entitled.

Dated this ___ day of October, 2008.

Respectfully Submitted,

Law Office of Bryan C. Becker

By:

_____
Bryan C. Becker, Esq. (CA SBN 241956)
501 W. Broadway, Suite 800
San Diego, CA 92101
(619) 400-4929
(619) 923-2944 (Facsimile)

Attorney for Plaintiffs