| | |
|---|---|
| SIMON COLE, individually, and d/b/a DAWN OF GAMES, and KARL TUCKER, individually, and on behalf of KARL TUCKER PRODUCTIONS, INC., and BENJAMIN PAUL BISTLINE, individually, and on behalf of P & V CAPITOL RESOURCES, INC., and JUSTIN BOWMAN & JOHN BARROSO, individually, and d/b/a JSB INVESTMENTS, and JOHN MCCORMACK, individually and ALEXANDER LOZANO, individually and on behalf of AES TRADING, INC., and DAVID K. CABAGE, individually, <br><br> Plaintiff(s), <br><br> v. <br><br> GREGORY M. SCHNEIDER, AMANDA SCHNEIDER, BRIAN C. COOK, ROBERT SELFRIDGE, individually and d/b/a SHIPPING SOLUTIONS, INC., SHIPPING SOLUTIONS FULFILLMENT, INC., d/b/a RED FROG USA, d/b/a IDEA FACTORY COMPANY, d/b/a TZD.COM, d/b/a C4GAMESTORE.COM. d/b/a HOTGAMESTUFF.COM and BLUE SKY CAPITAL MANAGEMENT CORPORATION, d/b/a PLUGNPLAYFOREX.COM <br><br> Defendant(s). | **Civil Action No. 3:08-cv-1013** <br><br> **Judge William J. Haynes** <br><br> **[PROPOSED] INITIAL CASE MANAGEMENT ORDER** |

# [PROPOSED] INITIAL CASE MANAGEMENT ORDER

This is an action brought by the Plaintiffs alleging, *inter alia*, fraud and deceit, breach of fiduciary duty, conversion, violations of Tennessee Securities Act of 1980 and Tennessee Code Annotated § 48-2-101 *et seq.*, violation of the Tennessee Consumer Protection Act found at § 47-18-104 *et seq.*, civil conspiracy, unjust enrichment, fraudulent conveyance of assets and requesting an accounting and judicial dissolution pursuant to Tennessee Code Annotated § 48-24-301 *et seq.*, and a writ of pre-judgment attachment pursuant to Tennessee Code Annotated §29-6-101.

1. **Jurisdiction**. Diversity jurisdiction is established in this action under 28 U.S.C. §1332, in that there is complete diversity of the parties. In addition, the *ad damnum* in the Complaint seeks damages in excess of seventy-five thousand dollars ($75,000), exclusive of interests and costs.

2. **Status of Service of Process and Responsive Pleadings**. The action was originally filed on October 15, 2008. Service of process has been properly issued and served by private process as to all Defendants. Defendants have filed a Response to the Plaintiffs Motion for Reconsideration of Plaintiffs Motion for a Temporary Restraining Order and Preliminary Injunction. The Defendants filed their Answer concurrently with this Proposed Order.

3. **Mandatory Initial Disclosures.** Pursuant to Fed. R. Civ. P. 26(a)(1), the parties will make their respective initial disclosures on or before January 9, 2008. The parties have also conferred pursuant to Local Rule 11(d)(1)b.1.

//
//
//
//

1

4. **Scheduling**.

(a) **Amendment of Pleadings**. The Parties shall have until January 16, 2009, to file an amended complaint, counterclaims, cross-claims, third-party claims and/or join additional parties to the action or otherwise amend the pleadings. Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

(b) **Meeting of Counsel and Parties to Discuss Settlement Prospects.** Ninety (90) days from the date of the initial case management conference, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

(c) **Discovery**. The discovery in the case shall be completed by April 15, 2009. All written discovery should be served by February 27, 2009. There shall be no stay of discovery pending disposition of any motions. The response time for all written discovery and requests for admissions is reduced from thirty (30) to twenty (20) days. Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 9(a), Local Rules of Court (effective March 1, 1994) shall govern.

(d) **Discovery Motions**. All discovery motions shall be filed as soon as practical based upon the nature of the dispute, but no later than March 27, 2009. All discovery motions must comply with the applicable requirements contained in Rule 37, Fed. R. Civ. P. and Rule 9(e) of

2

the Local Rules of Court.  No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

(e)  **Dispositive Motions**.  All dispositive motions shall be filed by September 1, 2009.  The response to the dispositive motion shall be due on October 1, 2009.  A reply (if any) shall be due on October 8, 2009. Counsel shall e-mail memoranda of law and responses to statements of undisputed facts to the Court's chambers in Megan_Gregory@tnmd.uscourts.gov.  No memorandum in support of or in opposition to any motion shall exceed twenty (20) pages.  No reply shall be filed to any response unless invited by the Court.  Strict compliance is required to Rule 8(b)(7), Local Rules of Court (effective March 1, 1994) relating to motions for summary judgment.

(f)  **Other Motions and Protective Order.**  Any other motions and/or protective orders (except motions in limine or motions related to trial matters) shall be filed by September 1, 2009.

(g)  **Expert Witness Disclosures**.  By the close of business on June 26, 2009, the Parties shall disclose (not to file with the Court) the identity of any expert witnesses and provide all the information specified in Rule 26(a)(2)(b), Fed. R. Civ. P..  Any supplements to expert reports shall be filed by the close of business on July 27, 2009. There shall not be any rebuttal expert witnesses.  In order to reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses.  Local Rule I 2(c)(6)(c) (effective March 1, 1994) relating to expert witnesses shall apply in this action, and strict compliance is required.

5.  **Theories of the Case**

(a)  **Plaintiffs Theory**.

This is a case about fraud, deceit and greed.  The Plaintiffs have lost over $900,000 through the Defendants fraudulent and deceitful representations with respect to the Defendants

operations of a purported retail video game business. The Plaintiffs only wish to ascertain the answer to one simple question. What happened to the money?

Based upon the Defendants representations, the Plaintiffs invested close to one million dollars in the Defendants purported retail video-game business. As represented by the Defendants, the business plan was simple. The Plaintiff's investment money was to be used solely to purchase inventory, i.e., video games. The Defendants would then sell this inventory, keep the profit margin on the shipping & handling charges and then distribute to the Plaintiffs, a proportionate share of the gross profit for each game sold. For example, a video game purchased for $10 at wholesale and then sold for $15 to the consumer, would result in $5 profit for the Plaintiffs. The Defendants would only keep the mark-up on the shipping and handling charges passed on to the consumer. The Defendants further represented that they would pay all business overhead costs at their own expense.

Instead, the Defendants operated the "business" in what can only be described as a "ponzi" scheme. New investment capital was used to pay off the Plaintiffs just long enough for them to recommend new investors, further perpetrating the Defendants scheme. In May of 2008, the scheme collapsed and irrespective of the Defendants sporadic, vague and evasive electronic-mail missives to the Plaintiffs, the Defendants have offered no logical explanation or accounting to explain what happened to the Plaintiff's investment money. Secrecy and obfuscation are the lifeblood of fraudulent schemes.

The Plaintiffs relied on the false representations of Defendants in investing their time and money. To the Plaintiffs, these monies represented life-savings, college-funds, and retirement accounts. The Defendants have taken the investment money from the Plaintiffs and used it to enrich themselves, to the detriment of the Plaintiffs. The Defendants have worked in concert to deprive the Plaintiffs of their property based on their fraud. The Defendants have concealed their fraud by using schemes, promises and lies.

The Plaintiffs have suffered injuries in their business and property as a direct result of the Defendants misconduct. Specifically, the Plaintiffs have suffered the loss of money in their

4

investments with the Defendants based upon their fraudulent representations, interest on their money invested with the Defendants, and attorneys fees and other losses and expenses.

(b) **Defendants Theory**.

a. **Gregory Schneider, Brian C. Cook, Shipping Solutions, Inc., and Shipping Solutions Fulfillment, Inc.**

These Defendants show that they sought persons and or entities to place monies with one of the two corporate entities (Shipping Solutions, Inc., or Shipping Solutions Fulfillment, Inc.) with the expectation that the profits they had seen to date would continue. These Defendants had experienced significant returns on the monies that Gregory Schneider and Brian C. Cook had placed into Shipping Solutions, Inc., and they saw no reason why such returns would not continue. These Defendants did not, and do not, have any intention of converting monies, committing fraud, breaching any duty, unjustly enriching themselves, or violating the Tennessee Securities Act or the Tennessee Consumer Protection Act.

These Defendants paid what they understood was an appropriate portion of profits to, among others, the Plaintiffs until these Defendants understood that they had actually been paying back capitol to the Plaintiffs. At this point Defendants informed Plaintiffs of the problem and promised further information when it was available. These Defendants did not seek to divert monies to other places, or parties, for any purpose.

These Defendants recognize that they have some issues with the Tennessee Securities Act because of how Plaintiffs were to earn a profit on the monies they had placed with Shipping Solutions, Inc., as well as some of the assertions Defendants made to Plaintiffs.

b. **Mandy Schneider, C4Game Store, Inc., Blue Sky Capital Management Corporation, PlugNPlay Forex Corp.**

These Defendants show that they made no representations to Plaintiffs and that they entered into no relationships with Plaintiffs. These Defendants therefore take the position that no plausible cause of action lies against them and that they should be dismissed voluntarily - or by means of a summary judgment.

5

**c. All Defendants, with the exception of Robert Selfridge.**

No Defendant acted in such a way that they corporate veil of any entity Defendant could properly be pierced.

6. **Other Items**

(a) **Mediation**. Prospects for Settlement: Defendants believe that mediation is likely to be helpful in resolving this lawsuit. Plaintiffs do not believe that mediation will be helpful but would be willing to engage in mediation were the Court to believe that it would be beneficial.

7. **Jury Trial**

The action shall be set for jury trial on _____. It is anticipated the case will take approximately three to four days to complete. A pretrial conference shall be held on _____, _____ at \_\_\_\_a.m. p.m. A proposed order shall be submitted at the pretrial conference.

Entered this \_\_\_\_ day of _____, 2009.

_____
United States District Judge William J. Haynes

APPROVED FOR ENTRY:

Attorneys for Plaintiffs:

/s/ Bryan C. Becker
Becker Attorneys
501 W. Broadway, Suite 800
San Diego, California 92101
Tel: (619) 400-4929
Fax: (619) 923-2944
*bcb@bbeckerlaw.com*

-and-

6

Case 3:08-cv-01013   Document 57   Filed 01/08/2009   Page 7 of 8

/s/ John W. Roberts
Law Office of John W. Roberts
30 Music Square West
Suite 305
Nashville, Tennessee 37203
Tel: (615) 242-1001
Fax: (615) 256-7212
*john@johnwrobertslaw.com*


Attorney for Defendants

/s/ Karl Warden
TN Bar No. 14540
Jackson, Kweller, McKinney,
Warden, Hayes & Lewis
214 Second Avenue North
Suite 103
Nashville Tennessee 37201
(615) 256-2602
*karl.warden@karlwarden.net*


**CERTIFICATE OF SERVICE**

     I hereby certify that on January 8, 2009, a copy of the foregoing **PROPOSED INITIAL CASE MANAGEMENT ORDER** was filed electronically on this date. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served; by hand delivery ( ) U.S. Mail ( X ) facsimile ( ) and/or electronic transmission ( ). Parties may access this filing through the Court's electronic filing system.

this 8th day of January, 2009.

                                                  /s/ Bryan C. Becker
                                                  Bryan C. Becker